UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES B. PONZIANO, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 2:11CV263 |
| ) | |
| WESTERN & SOUTHERN LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss[1] the amended complaint, filed by the defendant, Western & Southern Life Insurance Company ("Western & Southern"), on November 22, 2011. The plaintiff, James B. Ponziano, Sr. ("Ponziano"), proceeding pro se, filed his response on December 5, 2011, to which Western & Southern replied on December 15, 2011.

For the following reasons, the motion to dismiss will be granted.

Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. When deciding a motion to dismiss under Rule 12(b)(6), the Court must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff without engaging in factfinding.

To survive a motion to dismiss based on the sufficiency of the complaint in the Seventh

---

[1] On October 25, 2011, Western & Southern filed a motion to dismiss the original complaint [DE 7]. Rather than responding to this motion, Ponziano filed an amended complaint on November 4, 2011, prompting the current motion to dismiss amended complaint. The motion to dismiss the original complaint will therefore be deemed moot.

Circuit, Ponziano must clear two hurdles. EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. (quotation marks and ellipses omitted). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." Id. (quotation marks omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This standard does not require "detailed factual allegations," but the complaint's allegations "must be enough to raise a right to relief above the speculation level" and give the defendant fair notice of the claims being asserted and the ground upon which they rest. Twombly, 550 U.S. at 555.

Pro se complaints, like Ponziano's Amended Complaint, are to be construed liberally and are held to a "less stringent standard than formal pleadings drafted by lawyers." Maddox v. Love, No. 10-1139, 2011 U.S. App. LEXIS 17680,*21 (7th Cir. August 24, 2011)(citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). However, a pro se plaintiff's "unsupported conclusions of fact and conclusions of law will not defeat an otherwise meritorious motion to dismiss." Nance v. Rothwell, No. 09 C 7733, 2011 U.S. Dist. LEXIS 49539, *14 (N.D. Ill. May 9, 2011); see also Hamlin v. Vaudenberg, 95 F.3d 580, 583 (7th Cir. 1996)(While pro se complaints are construed liberally, "[t]his does not mean that [the Court] will fill in all of the blanks in a pro se complaint"); Ledbetter v. Good Samaritan Ministries, No. 10-cv-740-DRH, 2011 U.S. Dist. LEXIS 108332, *12 (N.D. Ill. September 22, 2011)(motion to dismiss granted where pro se plaintiff did not plead sufficient factual basis for claims).

Discussion

In his initial Complaint, Ponziano alleged that his former employer, Western & Southern, violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, and 42 U.S.C. §1981 by (1) telling him to "go back to work or be fired," (2) "not pay[ing] [his] doctor bills," and (3) denying him treatment by "Hammond." (Pl's Compl., DE 1, ¶ IV.) On October 25, 2011, Western & Southern filed a Motion to Dismiss this Complaint for failure to state a claim. [DE 8, 9.] In response, Ponziano filed an Amended Complaint, which abandons Ponziano's Title VII, Rehabilitation Act and Section 1981 claims. Instead, Ponziano's Amended Complaint alleges Western & Southern violated the ADEA and ADA when it allegedly failed to promote him, discharged him and/or failed to accommodate his alleged disability. (Am. Compl., DE 11, ¶10.)

In support of the motion to dismiss the amended complaint, Western and Southern argues that Ponziano has failed to state a disparate treatment claim under the ADEA or the ADA, and has failed to state a failure to accommodate claim under the ADA.

"Intent to discriminate is an essential element" of a disparate treatment claim. A.B. v. Housing Authority of South Bend, No. 3:11 CV 163 PPS, 2011 U.S. Dist. LEXIS 101546, * 12 (N.D. Ind. September 8, 2011). Hence, to state a claim for disparate treatment under either the ADA or ADEA, Ponziano must allege facts demonstrating that he was subjected to disparate treatment *because of* his protected status. See Dillon v. Seed, No. 4:10cv 41, 2010 U.S. Dist. LEXIS 119032, *4 (N.D. Ind. November 8, 2010)(Title VII and ADEA complaint dismissed where plaintiff did not allege his termination was based upon a protected class); Brenston v.

3

Wal-Mart, No. 2:09 cv 026 PS, 2009 U.S. Dist. LEXIS 47971, *12-13 (N.D. Ind. June 8, 2009)(disability discrimination claim dismissed where complaint alleged that pro se plaintiff's supervisors gave him impossible tasks but nowhere did plaintiff assert they did so because of plaintiff's disability); Matlaw v. Madigan, No. 10 C 5400, 2011 U.S. Dist. LEXIS 63904, *5 (N.D. Ill. June 8, 2011)(pro se plaintiff "must do more than allege that she was turned down for a job and that she is over forty. She must allege sufficient facts to make it plausible, not just conceivable, that the two are causally related"); Mendoza v. Cellusuede Prods., No. 10 C 50066, 2011 U.S. Dist. LEXIS 114869, *4 (N.D. Ill. October 5, 2011)(pro se complaint dismissed where "allegations in the complaint do nothing to suggest that plaintiff was terminated on account of his disability."). Stated simply, "it is not enough to identify the discriminatory act and the characteristic that prompted the discrimination." Riley v. Vilsack, 665 F. Supp.2d 994, 1004 (W.D. Wis. 2009).

Western & Southern contends that in the present case, Ponziano attempts to allege Western & Southern failed to promote him and terminated him because of his age and alleged disability, but nowhere in the Amended Complaint does Ponziano allege facts suggesting that Western & Southern failed to promote him or terminated him *because of* his age or disability. Western & Southern further asserts that Ponziano fails to allege other essential facts to support his failure to promote claim.

Western & Southern notes that Ponziano makes one allegation to support his failure to promote claim, *i.e.,* that "Defendant promoted younger candidates that [sic] had less experience than me." (Am. Comp., ¶11.) This single allegation is insufficient to allege Ponziano was denied a promotion *because of* his age, and he makes no allegations even suggesting his alleged

4

disability played a role in the claimed failure to promote.

Bailey-Lynch v. Mid Town Promotion, Inc., No. 10-CV-8S, 2011 U.S. Dist. LEXIS 126610 (W.D.N.Y. November 2, 2011) is informative. The complaint in Bailey-Lynch, like the Amended Complaint here, included only one, general allegation suggesting discriminatory animus on the part of plaintiff's employer. Specifically, the Bailey-Lynch complaint alleged the defendant failed to promote plaintiff "in the way male employees and white female employees were promoted." Id. at *9-10. While acknowledging that employment discrimination claims "'need not contain specific facts establishing a *prima facie* case of discrimination,'" the Bailey-Lynch court emphasized that the allegations must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. (quoting Gilman v. Inner City Broad. Corp., No. 08 Civ. 8909(LAP), 2009 U.S. Dist. LEXIS 85479, 2009 WL 3003244, at *3 (S.D.N.Y. September 18, 2009) and citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). Concluding that the plaintiff's complaint did not satisfy this requirement, the Bailey-Lynch court stated:

> [I]t is unclear whether Plaintiff applied for, and was denied, a promotion, or whether Plaintiff expressed an interest in a promotion and was continually overlooked by Defendant. (Citations omitted.) The complaint does not specify who was promoted, or for what position. Plaintiff provides no details on her own qualifications for those positions or that she applied for them. The assertion that these promotions were made on the basis of discriminatory grounds is, itself, wholly conclusory. As a result, her claim cannot rise to the level of facial plausibility under Rule 8(a)(2).

Id. at *10-11.

Similarly, in Farlin v. Library Store, Inc., No. 08-cv-1194, 2010 U.S. Dist. LEXIS 5506 (C.D. Ill. January 25, 2010), the court held the plaintiff failed to state a claim for sex

discrimination in the denial of a promotion where the plaintiff alleged only that a male who had never worked for the company was hired for the position she desired whereas she had worked for the company for six years. Id. at *9. Indeed, the Farlin court reasoned that plaintiff's failure to allege any facts suggesting she was similarly situated to the male who was hired rendered her claim implausible. Id. The defendant's motion to dismiss was granted.

As in Bailey-Lynch and Farlin, Ponziano alleges no specific facts to suggest Western & Southern failed to promote him because of his age or disability. In fact, Ponziano does not identify what promotion he sought, that he was qualified for the alleged promotion, or that he was the most qualified candidate. Ponziano's claim that Western & Southern promoted less experienced younger candidates is wholly conclusory and does not give Western & Southern sufficient notice of Ponziano's failure to promote claim, and fails to allege a plausible claim. Therefore, Ponziano's failure to promote claims will be dismissed.

Western & Southern next argues that Ponziano does not state a claim for age or disability discrimination based upon his discharge. Western & Southern notes that Ponziano fails to allege any facts to support that his discharge was motivated by discriminatory animus. Ponziano does not allege that Western & Southern made any discriminatory statements or that similarly situated employees were treated more favorably. Thus it is clear that Ponziano has not stated a claim. See, e.g., Brenston v. Wal-Mart, No. 2:09 cv 026 PS, 2009 U.S. Dist. LEXIS 47971 (N.D. Ind. June 8, 2009)(disability discrimination claim dismissed where *pro se* plaintiff alleged his supervisors gave him impossible tasks but nowhere did he assert that they did so because of plaintiff's disability).

Mendoza v. Cellusuede Prods., No. 10 C 50066, 2011 U.S. Dist. LEXIS 114869 (N.D.

Ill. October 5, 2011), is on point. In Mendoza, the court held similar allegations to those made by Ponziano were insufficient to support his disability discrimination claim. The plaintiff in Mendoza alleged:

> Plaintiff injured his back on 7/31/07 at work. Upon return to work with restrictions [d]efendant did not honor restrictions, refused to provide proper medical treatment. Plaintiff was laid off on 1/25/08 because business was low. Kept employees with less seniority.

Id. at *1. Because the allegations in Mendoza did "nothing to suggest that plaintiff was terminated on account of his disability," the court dismissed plaintiff's disability discrimination claim. Id. at *4.

Western & Southern argues that not only do Ponziano's allegations fail to suggest discriminatory animus, they actually *establish* the legitimate, non-discriminatory nature of Western & Southern's termination decision. Specifically, Ponziano states he "could not complete [his] field sales duties" and that he was fired for "underperformance." (Am. Compl., ¶11.) This admission dooms Ponziano's wrongful termination claims. Mendoza, at *4 (complaint dismissed where no evidence of disability discrimination where plaintiff alleged he was terminated "because business was low"); Williams v. Chi. Transit Authority, No. 01C1870, 2001 U.S. Dist. LEXIS 11081, *3 (N.D. Ill. July 27, 2001)(citing Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998)("[Though a plaintiff is not required to plead all of the underlying facts supporting his claim, he may plead himself out of court by alleging facts that establish the defendant is entitled to prevail").

Clearly, Ponziano's Amended Complaint is utterly devoid of any allegations suggesting he was discharged because of his age or disability and actually alleges Western & Southern had a legitimate reason for terminating him. Accordingly, the Court will dismiss Ponziano's wrongful

termination claims.

Next, Western & Southern argues that Ponziano's failure to accommodate claim should be dismissed because he failed to exhaust administrative remedies for that claim and because he fails to allege facts sufficient to support the claim.

A plaintiff in an employment discrimination lawsuit "generally can only bring those allegations into federal court that he included in his administrative charge of discrimination." Kicinski v. Alverno Clinical Labs., LLC, No. 2:09 cv 321, 2009 U.S. Dist. LEXIS 111685, *3 (N.D. Ind. December 1, 2009)(quoting Gawley v. Indiana University, 276 F.3d 301, 313 (7th Cir. 2001)); see also Cheek v. Peabody Coal Co., 97 F.3d 200, 202 (7th Cir. 1996)(a plaintiff "may pursue a claim not explicitly included in an EEOC complaint only if [the[]] allegations fall within the scope of the charges contained in the EEOC complaint."). At a minimum, "the EEOC Charge and the complaint must … describe the same conduct and implicate the same individuals." Id. (quoting Gawley, 276 F.3d at 313). The reason for this requirement is to give the employer notice of the plaintiff's allegations as well as for the EEOC to conciliate plaintiff's complaints. Id. (quoting Gawley, 276 F.3d at 313-314). Whether the allegations set forth in a complaint are within the scope of the allegations made in plaintiff's charge of discrimination depends upon whether the complaint's allegations are "like or reasonably related to the allegations of the charge and growing out of such allegations." Id. (quoting Gawley, 276 F.3d at 314); Cheek, 97 F.3d at 202 (quoting Harper v. Godfrey Co., 45 F.3d 143, 147-48 (7th Cir. 1995)).

It is well settled that "failure to accommodate claims are 'separate and distinct under the ADA from one of disparate treatment because of disability.'" Id. at *3-4 (quoting Green v.

National Steel Corp., 197 F.3d 894, 898 (7th Cir. 1999)). As such, discriminatory discharge and failure to accommodate claims "are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability." Id. at *4 (quoting Green, 197 F.3d at 898).

In Kicinski, the Northern District of Indiana held that a charge with allegations similar to those set forth in Ponziano's Charge did not exhaust administrative remedies for a failure to accommodate claim. The plaintiff in Kicinski alleged the following in the charge he filed with the EEOC:

> I am 58 years of age and am a qualified individual with a disability. I was employed as a Phlebotomist with Alvernol [sic] Clinical Laboratories at St. Anthony Medical Center in Michigan City, IN. When I received my evaluation in August 2008, I was marked down in the area of communication skills. As a result of my evaluation, I was only granted a 1% pay increase. I requested a re-evaluation to take into account problems my disability caused with communication skills, but I was never re-evaluated. On September 12, 2008, I was informed that I was being terminated for a policy violation because I had accessed patient records while not on duty. I did this before my shift to help compensate for difficulties I would encounter due to my disability. Co-worker Kimberly Spangler (approximately 25 years of age) had violated the HIPAA privacy rule in 2008, but she was not terminated.
>
> I believe that I have been discriminated against on the basis of my disability in violation of the Americans with Disabilities Act of 1990. . . .

The plaintiff in Kicinski argued that his request for a re-evaluation was evidence of a failure to accommodate as well as the fact that he was discharged for "using an accommodation to his disability." Id. at *5. The court rejected plaintiff's arguments, noting that plaintiff's EEOC charge did not describe any acts where the defendant-employer failed to accommodate

9

plaintiff's alleged disability. Id. at *7. As such, plaintiff's claim for failure to accommodate was dismissed. Id. at *7-8.

In the present case, Ponziano's claim in his Amended Complaint that Western & Southern failed to accommodate his disability is not "like or reasonably related" to the allegations in his Charge. Regarding his disability discrimination claim, Ponziano alleged in his Charge only that:

> I am a 55/yr old American with a Disability. . . . I have been denied terms and conditions of employment afforded to the Respondent's . . . non-disabled employees when I was looked over for job promotions and denied medical benefits. July 15, 2010, I was forced to return back to work to keep my job, and accept a Work Transition Agreement (WTA) by Respondent. . . . On September 21, 2010, I was informed . . . that due to my not meeting the minimum performance standard my employment was being terminated as of October 1, 2010.
>
> I believe I have been discriminated against based on my . . . disability in violation of the Americans with Disabilities Act.

(See EEOC Charge, Defendant's Exhibit 1.)[2]

Like the charge in Kicinski, nowhere in Ponziano's Charge does he claim he sought an accommodation or that Western & Southern failed to accommodate his alleged disability.

---

[2] Ponziano did not attach a copy of his Charge to his Complaint nor to his Amended Complaint. The Court, however, may consider Ponziano's Charge because it is referenced in Ponziano's Complaint and is central to his claims. See Hodowaniec v. Raco, No. 3:05-CV-306 RM, 2005 U.S. Dist. LEXIS 32615, *3 (N.D. Ind. December 9, 2005)(EEOC charge referenced in complaint is central to an employee's claim "since it is impossible to adjudicate the dispute without reference to it."); Satfford v. AMTRAK, No. 1:11-cv-113-WTL-MJD, 2011 U. S. Dist. LEXIS 64666, *6, n.1 (S.D. Ind. June 17, 2011)(allowing court to consider EEOC Charge where it was referenced in plaintiff's complaint and attached to defendant's motion to dismiss); Duferco Steel v. M/V Kalisti, 121 F.3d 321, 324, n.3 (7th Cir. 1997)("Documents referred to in, but not attached to, a plaintiff's complaint that are central to its claim may be considered in ruling on a Rule 12(b)(6) motion if they are attached to the defendant's motion to dismiss.")

Clearly, Ponziano failed to exhaust administrative remedies with regard to his failure to accommodate claim, and that claim will be dismissed.

However, Western & Southern further argues that even if Ponziano had exhausted administrative remedies for his failure to accommodate claim he does not allege facts sufficient to support that claim. First, nowhere in Ponziano's Amended Complaint does he allege he ever requested an accommodation from Western & Southern, or that Western & Southern refused him such an accommodation. These deficiencies are fatal to Ponziano's failure to accommodate claim. See Mattern v. Panduit Corp., No. 11 C 984, 2011 U.S. Dist. LEXIS 118057, *19 (N.D. Ill. October 10, 2011)(citing Twombly, 550 U.S. at 555)( Plaintiff's ADA claim for failure to accommodate dismissed where plaintiff alleged only that she "requested reasonable accommodations for her disability" and that defendant "refused to . . . accommodate Plaintiff's disability." Plaintiff's failure to describe in detail the accommodation requested and refused does not "'raise a right to relief above the speculative level.'").

Riley v. Vilsack, 665 F.Supp.2d 994 (W.D. Wis. 2009), is also informative. There, plaintiff alleged that defendants "'failed to accommodate plaintiff's disability with the intention to force him into early retirement.'" The court stated that this allegation was "simply a conclusion" which the court could not accept as true under Iqbal. Furthermore, nowhere did plaintiff allege that he ever complained to defendants about the need for accommodation or that defendants knew of his need. "Although plaintiff does not have to provide details establishing each element of his claim, he must at least explain what defendants did wrong." Id. at 1008. Western & Southern also contends that, in any event, even if Ponziano had requested an accommodation, Western & Southern would have been justified in denying it. Ponziano alleges

11

that he was "unable to travel due to frequent urination" caused by his prostate cancer and that he was unable to drive because of shoulder surgery. (Am. Compl., ¶11.) Ponziano then alleges that driving was "required" of the field sales agent position. (Am. Compl., ¶11.) Hence, by Plaintiff's own acknowledgment, driving was an essential function of his job. It is well settled that employers are never required to eliminate essential functions of a position as a form of accommodation. Gratzl v. Office of the Chief Judges of the 12th, 18th, 19th and 22nd Judicial Circuits, 601 F.3d 674, 680 (7th Cir. 2010)("An employer need not create a new job or strip a current job of its principal duties to accommodate a disabled employee.")(citing Ammons v. Aramark Unif. Servs., 368 F.3d 809, 819 (7th Cir. 2004) and Gile v. United Airlines, Inc., 95 F.3d 492, 499 (7th Cir. 1996)).

Ponziano has filed a response to the motion (which he erroneously labels an amended complaint). However, Ponziano still does not make any specific allegations in support of his claims. For example, Ponziano claims Western & Southern failed to promote him, but he still does not allege that he actually sought a promotion, that he was the most qualified for such promotion, or that he was denied the promotion *because of* his age or disability. Ponziano's discriminatory discharge claims likewise remain insufficiently pled because Ponziano has not alleged any facts to suggest his termination was motivated by his age or disability. And Ponziano's failure to accommodate claim remains inadequately pled because he alleges no facts to show that he exhausted his administrative remedies before filing the claim, that he ever requested an accommodation, that a reasonable accommodation even existed, or that Western & Southern denied such accommodation.

Accordingly, for all the reasons set forth above, Western & Southern's motion to dismiss

will be granted in its entirety.

## Conclusion

On the basis of the foregoing, Western & Southern's motion to dismiss the original complaint [DE 7] is hereby DEEMED MOOT.  Further, Western & Southern's motion to dismiss the amended complaint [DE 12] is hereby GRANTED.


Entered: March 23, 2012.

s/ William C.  Lee
William C. Lee, Judge
United States District Court
